STATE, EX REL. VEGHTE, COLLECTOR, v. TOWNSHIP OF BERNARDS.

A *mandamus* will be allowed to compel townships to pay state and county taxes out of the first tax moneys collected; and if the moneys collected for such taxes are squandered, wasted, or misapplied, by lending to others, then the township shall be liable to make good such deficiency or loss, by adding the same to the quota of such township, in the next assessment.

On application for *mandamus*.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the relator, *John Schomp.*

For the respondents, *Theodore Little.*

The opinion of the court was delivered by

SCUDDER, J.    The relator claims that there is due to him, as county collector, from the township of Bernards, the sum of $1442.93, for the year 1875, and $3477.60 for the year 1876, being deficiencies in the payments of taxes by the collector of taxes for the township, in those years.    These balances are stated to be due to the county of Somerset for county taxes, the state and school taxes having been paid in full.    The affidavits presented show that the reason of the deficiency in 1875 was because the township collector did not collect enough to pay the taxes, by about $1500; and for the year 1876, the charge is that the township collector loaned the money to one of the township committee, and between them, they have kept it.    The township committee do not appear to have taken any proceedings to enforce the collection of taxes unpaid against delinquent tax-payers, or against the township collector.    The question raised in the first instance, is whether there is any such liability of the inhabitants of the township

Veghte v. Township of Bernards.

to the county, that the remedy by *mandamus* will be allowed. The insistment is that the statute has given to the county collector a remedy against the township collectors for the breach of duty of which complaint is here made. By Section 25 of the act concerning taxes, (*Rev., p.* 1144,) the county collector may bring suit against the township collector, if he does not pay the tax money by him collected or by him received, or if he shall pay only part thereof, at the time appointed by law. But this is not the only remedy given, for another is found in Section 24 of the act to incorporate chosen freeholders in the respective counties of the state, that if the collector of any township shall squander, waste, embezzle, or become insolvent and unable to pay any tax moneys, then the township shall be liable to make good such deficiency or loss, by adding the same to the quota of such township, in the next assessment.

These remedies are concurrent, and the county officers may select where the facts will warrant such course.

The facts presented in the affidavits make a case of squandering and wasting, for the taxes collected in 1876 have been loaned by the township collector, without any legal authority, to a member of the township committee, and he has been unable, on demand, to return them. It is time that a rigid rule shall be enforced in these transactions, and that they should be called by their right names.

The taxes of 1875 have not been collected in full, and the county has been compelled to wait until such collection is made, while the law says (*Rev., p.* 1159, § 83,) that it shall be the duty of the collectors of the townships, cities, and wards of this state, out of the first moneys which shall be collected by them, to pay to the county collector of the county in which they hold their offices, the state and county taxes required to be assessed in their several townships, cities, and wards, at the time required by law to pay the same. Emphasis and effect have been given to this law in *State, Pierson, pros., v. Douglass,* 4 *Vroom* 363, and in *Bayonne v. State, Kingsland, pros.,* 12 *Vroom* 368. In the latter

case, the remedy by *mandamus* was enforced against the municipality, on the relation of the county collector, for the postponement of payment of state and county taxes, under this section of the statute. The amounts to be raised for county purposes are determined by the board of chosen freeholders, and, like state taxes, are entirely independent of the sums that are voted to be raised at town meetings. The township officers who are employed in assessing and collecting these taxes, act ministerially for the county, by direction of the statute, but, as they are appointed by the townships, and give bond to them for the faithful performance of their duties, it is right that the townships should be held responsible for the proper conduct of these officers, when performing their duties, under statutory requirements, for the state and the county, in the collection of taxes. If the moneys collected for taxes are squandered, wasted, or misapplied, the townships have ample remedies, both upon the bonds that have been given and by adding to the quota of the next assessment.'

In *Township of New Providence* v. *McEachron,* 6 *Vroom* 528, a township collector and his sureties on his official bond, were sued for moneys collected and received, which had not been paid over to the county collector, and the right of action was sustained, though the moneys had been lost without neglect on the part of the collector. There is no question, therefore, about the remedies of the townships against their own collectors, for moneys belonging to the townships or counties; but if counties should be left to the direct action alone, against the township collectors, given by the statute, without any bond or security, or power to re-assess, great loss and mischief might happen, from the inability to collect from the property of defaulting township collectors. In imposing this liability upon townships, the law has provided the means by which they may save themselves from loss, and made them and their officers the sole agencies by which state and county taxes shall be collected.'

Upon the facts presented, there is no doubt of the power of the court to order a *mandamus,* which should be alterna-

·tive, in the first instance, that a return and other facts may present the whole case, if the respondents desire to be further heard.